ORIGINAL

LISA ALCANTAR
515 S SERRANO AVENUE UNIT #2
LOS ANGELES, CA 90020
(323) 873-5545
No Fax
No Email
In Pro Per

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JAN - 4 2024

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

IFP Submitted

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUNG S. LEE<br><br>PLAINTIFF,<br><br>VS.<br><br>ADAN GUTIERREZ, DOES 1 TO 10<br><br>DEFENDANT, | Case No.: 2:24-cv-00085-FLA-(RAO)<br><br>NOTICE OF REMOVAL UNDER [28 USC 1332, 1391, 1441, 1446 (6)]<br>Calif. CCP 430.90]<br><br>From the SUPERIOR COURT OF CALIFORNIA<br>Case No. 23STUD09715 |

By Fax

Defendants allege:

**PARTIES AND COUNSEL**

1. Defendant, LISA ALCANTAR is a party in a California State Court filed in LOS ANGELES County Superior Court, concerning real property located at 515 S SERRANO AVENUE UNIT #2, LOS ANGELES, CA 90020 [hereafter "premises"], within this court's jurisdiction.

COMPLAINT REMOVING TO FEDERAL COURT- 1

2. Defendant, former owner of the premises, and participants in this litigation.

3. Whereas this action was filed in California State Court only against the former owner of the premises, Defendant is a bona fide tenant under the "Protecting Tenants at Foreclosure Act"

4. Plaintiff is represented by Counsel in the State Court action as follows:

                    LISA F. ROSENTHAL #153320
               6016 FALLBROOK AVE. SUITE 101
                 WOODLAND HILLS, CA 91367
                      (818) 348-2896

**Federal Question**

5. Plaintiff has actually filed a Federal Question action in State Court, for which the State Court Action is removed under 28 U.S.C. 1441 *et seq.* and *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009); 28 U.S.C. 1331.

6. New federal legislation effective May 21, 2009, as amended in July, 2010, as Public Law 111-203, the "Protecting Tenants at Foreclosure Act 2009," 12 U.S.C. 5220, note [hereafter "PFTA" preempted State Law as to bona fide Residential tenants of foreclosed Landlords [*Florida Lime & Growers, Inc v. Paul*, 373 U.S. 132, 142-43 (1963) (concept of limited preemption)]
   a. Whereas under California Law, a foreclosure automatically terminated any junior agreements [*Bank of America V. Hirsch Merc. Co.* (1944) 64 Cal App 2d 175, 182], Section 702(a)(2) of the PTFA

COMPLAINT REMOVING TO FEDERAL COURT- 2

1  makes the purchaser at the foreclosure sale subject to the
2  rights of the existing bonafide tenants. The tenancy is
3  protected by federal law.
4  b. Whereas under California, a foreclosure eviction may be
5  filed as to any such tenant on more 60 days' notice of
6  termination [California Civil Procedures Code 1161a, 1161b],
7  the PFTA requires that a full 90 days 'notice be given [PTFA
8  701(a)(a)]
9  c. Whereas under California Law, the notice of termination
10 can be given at any time after the foreclosure purchaser has
11 title [California Civil Procedures Code 1161a], under the
12 PFTA the 90-day notice can ONLY be given when the tenancy is
13 a month-to-month OR if the tenancy is a lease where the buyer
14 who will move into the premises as their primary residence.
15 [PFTA 701(a) (2)]
16 d. It is unlawful to evict a bona fide residential tenant of
17 a foreclosed landlord under Federal Law.

19 7. The complaint in this action was filed in State Court as
20 artful pleading, entitled by the Superior Court of California as
21 Unlawful Detainer, pleadings intentionally fail to allege
22 compliance with the PTFA, serving only a 3-day notice to quit.
23 Thus, in order to evict a bona fide residential tenant of a
24 foreclosed Landlord, Plaintiff was required to state a cause of
25 action under the PTFA, but sought to avoid those protections by
26 filing this action as an "Unlawful Detainer" by artful pleadings
27 in State Court.

8. A well-pleaded complaint is shown at least were the Plaintiff's right to relief necessarily depends on resolution of a substantial question of Federal Law. *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954-55 (9th Cir. 2009); *Empire Healthcare Assurance v. McVeigh* 547 US 677, 689-690 (2006); *Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal.* 463 US 1, 12, 27-28 (1983). Here, the complaint is based upon the PTFA, but it was brought in Superior, and misnomer "Unlawful Detainer."

9. Even where the cause of action is based on state law, the district court has subject matter jurisdiction over the case if
   (1) the federal issues are essential to the claims,
   (2) there is a substantial federal issue in resolving such issues, and
   (3) a Federal forum may entertain the state law claims without disturbing the balance of federal and state judicial responsibilities. *Grable & Sons Metal Prods v. Darue Eng.r & Mfg.* 545 US 308, 313, 315 (2005). Here, the PTFA is essential to the right of possession, Congress passed the PTFA to express its substantial interest in such issues, and the "balance" of judicial responsibilities will not be disturbed.

COMPLAINT REMOVING TO FEDERAL COURT- 4

10. Stripped of the artful pleading [*Arco Envtl. Remediation LLC v. Dept. of Health and Envtl Quality* 213 Fed 3d 1108, 1114 (9th, 2000)], the complaint attempts to state a cause of action in PTFA ejectment, and cannot state a cause of action in State unlawful detainer. The PTFA is that substantial question of law. The Plaintiff cannot defeat removal by omitting necessary federal question of law. The plaintiff cannot defeat removal by omitting necessary federal questions in the Complaint.

11. To be a federal cause of action, there must also be a private right of action. *Merrill Dow Pharms. Inv v. Thompson* 478 US 804, 817 (1986). It can be either express or implicit. *Diaz v. Davis* 549 Fed 3d 1223, 1229-1230 (9th Cir. 2008). The Court must look to the "rights creating" language and statutory structure within which it is contained. *Lamie v. United States Trustee* 540 US 526, 534 (2004). The Court must assume that Congress did not intend to create a right without a remedy. *First Pacific Bancorp, Inc v. Helfer*, 224 F.3d 1117, 1123, 1125-26 (9th Cir. 2000).

12. *The four criteria of Cort V. Ash* 422 US 66 (1975) are satisfied:
    a. Defendant LISA ALCANTAR is a member of a protected class for whom the statue, the "Protecting Tenants at Foreclosure Act" was created.
    b. The rights-creating language of the PTFA, its context, and the legislative history. *Opera Plaza Residential Parcel Homeowners Assn. v. Hoang* 376 Fed. 3d 831, 836 (2004), 9th Cir) are underscored by i. The language of the PTFA, particularly 702(a), ii. The lack of any other specified enforcement mechanism [*First Pacific Bancorp inc. v. Helfer* 224 Fed 3d 1117m 1123

(200, 9th Cir.); *Williams v. United Airlines, Inc* 500 Fed 3d, 1019, 1024 (9th, 2007)], and iii. The legislative history.

c. The cause of action is consistent with the underlying purpose of the law: balancing the rights of the parties.

d. The "traditional status" of evictions as a state cause of action is the weakest of the criteria [*First Pacific Bancorp, Inc. v. Helfer*, 224 F. 3d 1117, 1127 (9th Cir. 2000)], particularly intended to occupy the filed and break tradition, with a bold new law intended to protect tenants whose landlords did not use the rent money to pay the mortgage, in a distressed economy, under the Supremacy Clause.

13. The PTFA is not a defense, but the entire basis for the action to eject a bona fide residential tenant of a foreclosed landlord. Even without any defense of the PTFA being raised, Plaintiff cannot state a cause of action to remove such a tenant without framing the prima facie case in the language of the PTFA. The notice purports to comply with the PTFA, and without the reference to the 90-day notice required by the PTFA, Plaintiff would be unable to evict any such tenant.

14. The federal cause of action in ejectment is the basis for this action, irrespective of artful pleading, such that action could have been brought in Federal District Court.

**Removed Action**

15. The notice of removal is timely under Section 1446 (b) of Title 28 of the United States Code because it is filed within 30 days of discovering that the case was ripe for removal.

16. A true and correct copy of the State Court Complaint of the action, Defendant's Pre-Judgment Claim of Right to Possession and related documents, sought to be removed to this Court are attached hereto and incorporated herein by reference.

17. Defendant, LISA ALCANTAR is bona fide residential tenant of a foreclosed landlord, entitled to the protection of the PTFA, and entitled to remove this action to Federal Court.

18. Under California code of Civil Procedure 430.90, the state trial court hereby loses jurisdiction under the Federal Rules of Civil Procedure and does not recover jurisdiction, if at all, until and unless this action is remanded to the state Court, after which jurisdiction will again attach as described in that statue.

Date: 01/04/2023

_lisa_

LISA ALCANTAR, In Pro Per

# Exhibit "A"

# SUMMONS—EVICTION
## (CITACIÓN JUDICIAL—DESALOJO)
### UNLAWFUL DETAINER / FORCIBLE DETAINER / FORCIBLE ENTRY
(RETENCIÓN ILÍCITA DE UN INMUEBLE / RETENCIÓN FORZOSA / ENTRADA FORZOSA)

**SUM-130**

**FOR COURT USE ONLY**
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ADAN GUTIERREZ, DOES 1 TO 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
YOUNG S. LEE

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/31/2023 9:07 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Tarasyuk, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you, to file a written response at this court and have a copy served on the plaintiff.

A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (www.lawhelpca.org), the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), or by contacting your local court or county bar association.

*¡AVISO! Usted ha sido demandado. Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, solo tiene 5 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante.*

*Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados local.*

**FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***EXENCIÓN DE CUOTAS:*** *Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier cantidad de $10,000 ó más recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso.*

1. The name and address of the court is:
   *(El nombre y dirección de la corte es):*
   STANLEY MOSK
   111 N. HILL STREET
   LOS ANGELES, CA 90012

   **CASE NUMBER** *(número del caso):*
   **23STUD09715**

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   LISA F. ROSENTHAL/JEFFREY B. ENDLER   LAW OFFICES OF ROSENTHAL & ASSOCIATES
   6016 FALLBROOK AVE. SUITE 101           (818) 348-2896
   WOODLAND HILLS, CA 91367

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. January 1, 2023]

**SUMMONS—EVICTION**
(Unlawful Detainer / Forcible Detainer / Forcible Entry)

Page 1 of 2
Code of Civil Procedure, §§ 412.20, 415.45, 1167

CEB | Essential
ceb.com | Forms

YOUNG S. LEE

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY  STATE BAR NUMBER<br>NAME: LISA F. ROSENTHAL/JEFFREY B. ENDLER 153320/177265<br>FIRM NAME: LAW OFFICES OF ROSENTHAL & ASSOCIATES<br>STREET ADDRESS: 6016 FALLBROOK AVE. SUITE 101<br>CITY: WOODLAND HILLS  STATE: CA  ZIP CODE: 91367<br>TELEPHONE NO: (818) 348-2896  FAX NO: (818) 348-1247<br>EMAIL ADDRESS: LISA@VALLEYLAWOFFICE.COM<br>ATTORNEY FOR (name): PLAINTIFF | UD-100<br>FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
- STREET ADDRESS: 111 N. HILL STREET
- MAILING ADDRESS: 111 N. HILL STREET
- CITY AND ZIP CODE: LOS ANGELES, CA 90012
- BRANCH NAME: CENTRAL

Electronically FILED by Superior Court of California, County of Los Angeles 7/31/2023 9:07 AM David W. Slayton, Executive Officer/Clerk of Court, By Y. Tarasyuk, Deputy Clerk

PLAINTIFF: YOUNG S. LEE
DEFENDANT: ADAN GUTIERREZ
[X] DOES 1 TO 10

**COMPLAINT — UNLAWFUL DETAINER***
[X] COMPLAINT  [ ] AMENDED COMPLAINT (Amendment Number):

CASE NUMBER: 23STUD09715

**Jurisdiction** (check all that apply):
[X] ACTION IS A LIMITED CIVIL CASE
Amount demanded  [X] does not exceed $10,000.
[ ] exceeds $10,000 but does not exceed $25,000.

[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
[ ] from unlawful detainer to general unlimited civil (possession not in issue).  [ ] from limited to unlimited.
[ ] from unlawful detainer to general limited civil (possession not in issue).  [ ] from unlimited to limited.

1. PLAINTIFF (name each):
YOUNG S. LEE

alleges causes of action against DEFENDANT (name each):
ADAN GUTIERREZ

2. a. Plaintiff is  (1) [X] an individual over the age of 18 years.  (4) [ ] a partnership.
    (2) [ ] a public agency.  (5) [ ] a corporation.
    (3) [ ] other (specify):

b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. a. The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
515 S SERRANO AVENUE UNIT #2 LOS ANGELES, CA 90020

b. The premises in 3a are (check one)
(1) [X] within the city limits of (name of city): LOS ANGELES
(2) [ ] within the unincorporated area of (name of county):

c. The premises in 3a were constructed in (approximate year) 1956

4. Plaintiff's interest in the premises is  [X] as owner  [ ] other (specify):

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

*NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a)

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. September 1, 2020]

**COMPLAINT — UNLAWFUL DETAINER**

Code of Civil Procedure

CEB | Essential Forms

YOUNG S. LEE